UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES MAKI,<br><br>                              Plaintiff,<br>v.<br><br>JANET COBB SMUCK, *et al.*,<br><br>                            Defendants. | Case No. 3:18-cv-00365-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 6) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 5) and *pro se* Complaint (ECF No. 1-1). Judge Cobb recommends denying the IFP Application and dismissing this action without prejudice. Plaintiff objects to the R&R ("Objection"). (ECF No. 7.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection, the Court has engaged in a *de novo* review to determine whether to adopt the R&R.

The Magistrate Judge recommends granting dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's claims challenge his criminal conviction and seek to vacate his conviction. (ECF No. 6 at 1.) Judge Cobb recommends advising Plaintiff that he may file a habeas petition after exhausting his state remedies. (*Id.* at 2.) In his Objection, Plaintiff asserts that his state case is over twenty years old and appears to suggest that he has already exhausted his state remedies. (ECF No. 7.) Plaintiff writes that he seeks help from this Court for violation of his constitutional rights. However, the

Court cannot provide the relief that Plaintiff seeks because Plaintiff's claims are barred under *Heck.*

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. at 486-87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnotes omitted).

Here, Plaintiff asserts that he was wrongfully convicted and sentenced to life in prison. (ECF No. 1-1 at 2.) Plaintiff's claims are *Heck*-barred because he is essentially challenging the validity of his conviction.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 6) be accepted and adopted in its entirety.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) without having to prepay the full filing fee is denied.

It is further ordered that this action is dismissed without prejudice.

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 6th day of December 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE